UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LES KEPLEY and BRUCE KEPLEY                                                     PLAINTIFFS

v.                                                                    CIVIL ACTION NO. 3:10-CV-695-S

GERALD R. LANZ                                                                    DEFENDANT

### MEMORANDUM OPINION

The plaintiffs in this action, Bruce and Les Kepley, are former shareholders in a closely held Kentucky corporation known as A Technological Advantage, Inc. ("ATA"). They brought this action against defendant Gerald Lanz, a fellow shareholder, claiming that Lanz breached an Investors Rights Agreement[1] by agreeing to sell his share of stock in ATA to one of ATA's competitors. The Kepleys claim that Lanz's actions resulted in the diminution in value of their stock in ATA and forced them to sell their stock to the ATA competitor in order to minimize their losses. Lanz has moved to dismiss this action on the grounds of lack of personal jurisdiction, *forum non conveniens*, and because the plaintiffs' claims are precluded under the doctrine of res judicata. We agree with Lanz that this case should be dismissed, but for a different reason than those he cites: we do not believe that the Kepleys have standing to bring an action for damages against Lanz for the alleged decrease in the value of their stock.[2]

---

[1] The Agreement sets forth both rights and obligations of ATA shareholders.

[2] Because a plaintiff's standing to bring a claim is a question of subject matter jurisdiction, the court may raise it sua sponte. *See Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 607 (6th Cir. 2007).

As a general rule, litigants "must normally assert their own rights, rather than those of third parties." *In re Troutman Enterprises, Inc.*, 286 F.3d 359, 364 (6th Cir. 2002) (citing *Singleton v. Wulff*, 428 U.S. 106, 113 (1976)). The Supreme Court has identified two justifications behind this rule: (1) courts should not adjudicate third-party rights unnecessarily and (2) third parties will typically be the best proponents of their own rights. *Id.* (citing *Singleton*, 428 U.S. at 113–14). The so-called "shareholder standing rule" arises out of the general prohibition on third party standing. *Id.* Under this rule, shareholders may not initiate "actions to enforce the rights of the corporation unless the corporation's management has refused to pursue the same action for reasons other than good faith business judgment." *Id.* (quoting *Franchise Tax Bd. of Calif. v. Alcan Aluminum Ltd.*, 493 U.S. 331, 336 (1990)). In other words, "an action to redress injuries to a corporation . . . cannot be maintained by a stockholder in his own name . . . ." *Canderm Pharmacal Ltd. v. Elder Pharmaceuticals, Inc.*, 862 F.2d 597, 602–03 (6th Cir. 1988) (quoting *Schaffer, et al. v. Universal Rundle Corp.*, 397 F.2d 893, 896 (5th Cir. 1968)). This is true "even though in an economic sense real harm may well be sustained as the impact of such wrongful acts [brings] about reduced earnings, lower salaries, injury to general business reputation, *or diminution in the value of ownership.*" *Id.* at 603 (quoting *Schaffer*, 397 F.2d at 896–97) (emphasis added).

Here, the Kepleys allege that Lanz breached the Investors Rights Agreement between himself and ATA, and that, as a result, the value of the Kepleys' stock in ATA was reduced. Although the Kepleys allegedly suffered harm as a result of Lanz's alleged breach of the contract, the actual harm done – i.e., the alleged breach of Lanz's contractual obligation not to sell his stock to any of ATA's

competitors – was to the corporation. Thus, the proper plaintiff in a direct action against Lanz would be ATA rather than the Kepleys.[3]

Courts have recognized an exception to the shareholder standing rule, allowing "individual recovery in cases where 'the complaining shareholder is injured in a way that is separate and distinct from [the] injury to the corporation.'" *B. & V. Distributing Co., Inc. v. Dottore Companies, LLC*, 278 Fed. App'x 480, 485–86 (6th Cir. 2008) (unpublished) (quoting *Crosby v. Beam*, 548 N.E.2d 217, 219 (1989)). This is not such a case. The only injury the Kepleys allege is that the value of their ownership shares in the corporation declined. Such an injury would necessarily have been shared by the corporation because the shares in the corporation derive their value from the value of the corporation as a whole. *See Dottore*, 278 Fed. App'x at 486. Accordingly, we find that "any injury [the Kepleys] have suffered as a consequence of the damage done to [ATA] is derivative," *id.* (quoting *Maloof v. BT Commercial Corp.*, 261 Fed. App'x 887, 887 (6th Cir. 2008), and the Kepleys have no individual cause of action. Accordingly, their claims must be dismissed.

A separate order will issue in accordance with this opinion.

September 29, 2011

Charles R. Simpson III, Judge
United States District Court

---

[3] Of course, the Kepleys might have been able to file a shareholder's derivative action against Lanz. Such an action, however, would have required compliance with the Kentucky statute governing derivative proceedings. *See* KY. REV. STAT. § 271B.7-400. Moreover, we are unsure whether Les Kepley would have been a proper plaintiff even in a derivative proceeding. Unlike Bruce Kepley, Les Kepley is not identified in the Investors' Rights Agreement as an individual stockholder in ATA. Rather, he is identified as the "Managing Member" of A Better Industrial Temporary, LLC, an entity that holds (or held) 13 shares of common stock in ATA.