UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LES KEPLEY and BRUCE KEPLEY                                              PLAINTIFFS

v.                                                         CIVIL ACTION NO. 3:10-CV-695-S

GERALD R. LANZ                                                              DEFENDANT

**MEMORANDUM OPINION**

This matter is before the court on motion of the plaintiffs, Les Kepley and Bruce Kepley (collectively, "Plaintiffs"), to vacate the prior order of this court, pursuant to Fed.R.Civ.P. 59(e). (DN 26). For the reasons set forth below, this motion will be denied.

Plaintiffs are former shareholders in a closely held Kentucky corporation known as A Technological Advantage, Inc. ("ATA"). They brought this action against defendant, Gerald Lanz ("Defendant"), a fellow shareholder, claiming that Defendant breached an Amended and Restated Investor's Rights Agreement ("Investor's Rights Agreement") by agreeing to sell his share of stock in ATA to one of ATA's competitors. Plaintiffs argued that Defendant's wrongful sale of his stock resulted in a diminution in value of Plaintiffs' stock in ATA and forced them to sell their stock to the ATA competitor in order to minimize their losses. Defendants moved to dismiss the action on the grounds of lack of personal jurisdiction, *forum non conveniens*, and preclusion of Plaintiffs' claims under the doctrine of res judicata.

In an order entered September 29, 2011, the court granted the Defendant's motion to dismiss, but on different grounds than those pled. (DN 25) The court determined that Plaintiffs lacked standing to bring an action for damages against Defendant for the alleged decrease in value of their

stock.  (DN 24).  The court relied on the so-called "shareholder standing rule" which arises out of the general prohibition on third party standing.  *In re Troutman Enterprises, Inc.*, 286 F.3d 359, 364 (6th Cir. 2002) (citing *Singleton v. Wulff*, 428 U.S. 106, 113, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976)).  This rule provides that shareholders may not initiate "actions to enforce the rights of the corporation unless the corporation's management has refused to pursue the same action for reasons other than good faith business judgment."  *Id.* (quoting *Franchise Tax Bd. of Calif. v. Alcan Aluminum Ltd.*, 493 U.S. 331, 336, 110 S.Ct. 661, 107 L.Ed.2d 696 (1990)).  A shareholder will not have standing unless "the complaining shareholder is injured in a way that is separate and distinct from the injury to the corporation," and the injury is not "inextricably intertwined with, and entirely derivative of, the injury allegedly suffered by [the corporation]."  *B. & V. Distributing Co., Inc., v. Dottore Companies, LLC*, 2008 WL 2080304, 278 Fed.Appx. 480, 485-86 (6th Cir. 2008).

Plaintiffs now argue in their motion to vacate that the court's statement in its earlier memorandum opinion that Plaintiffs "allege Lanz breached the Investor's Rights Agreement between himself and ATA" is factually wrong.  (DN 26-1, p. 1).  Plaintiffs argue that the Investor's Rights Agreement was not solely between Defendant and ATA, but was multilateral.  Plaintiffs cite to the preamble of the Investor's Rights Agreement, which states:

> This Agreement dated as of June 28, 2005 is entered into *by and among* A Technological Advantage, Inc. a Kentucky corporation (the "Company"), the individuals and entities listed on Exhibit A attached hereto (the "Common Holders") and the individuals and entities listed on Exhibit B attached hereto (the "Preferred Holders" and together with the Common Holders, the "Stockholders").

(*Plaintiffs' Memorandum in Support of Motion to Vacate*, DN 26-1 p. 1) (emphasis in original).  Plaintiffs argue the emphasized text of the contract shows that this contract is multilateral and

created a direct contractual duty between Defendant and Plaintiffs.  Plaintiffs argue they therefore have standing to bring this action.

Plaintiffs' argument fails because the only injury they alleged occurred as a result of their position as shareholders and was shared by the corporation.  The exception to the shareholder standing rule is thus not applicable because Plaintiffs do not assert a separate and distinct injury from that of the corporation. *B. & V. Distributing Co.*, 278 Fed.Appx. at 485-86.  Plaintiffs cite to *Adair v. Wozniak*, 23 Ohio St.3d 174, 492 N.E.2d 426 (S.Ct. Oh. 1986) for the proposition that the general shareholder standing rule does not apply where the wrongful acts are also violations of a separate duty to the shareholder.  (DN 28, p. 3).  However, the court in *Adair* also stated that the injuries alleged by a shareholder plaintiff must be distinct and separate injuries and not incurred as a consequence of their positions as shareholders. *Adair*, 492 N.E.2d at 428.  A shareholder will not have individual standing where the shareholder "sustained no damage separate from that sustained by the corporation." *Buschmann v. Professional Men's Association*, 405 F.2d 659, 663 (7th Cir. 1969).  This is true "even though in an economic sense real harm may well be sustained as the impact of such wrongful acts [brings] about reduced earnings, lower salaries, injury to general business reputation, or diminution in the value of ownership." *Candern Pharmacal Ltd. v. Elder Pharmaceuticals, Inc*., 862 F.2d 597, 603 (6th Cir. 1988) (quoting *Schaffer, et al. v. Universal Rundle Corp*., 397 F.2d 893, 896 (5th Cir. 1968)).

Even though Plaintiffs argue they were parties to the contract in their individual capacity, the only injury alleged by Plaintiffs from the potentially wrongful conduct of Defendant is that of a diminution in value of their stock in ATA.  This is necessarily an injury that occurred as a result of the Plaintiffs' status as shareholders of ATA and an injury that was shared by the corporation, as

shares in a corporation derive their value from the value of the corporation as a whole.  Without a separate and distinct injury, "any injury [the Kepleys] have suffered as a consequence of the damage done to [ATA] is derivative."  *See B. & V. Distributing Co., Inc*., 278 Fed.Appx. at 486 (quoting *Maloof v. BT Commercial Corp*., 261 Fed.Appx 887, 887 (6th Cir. 2008)).  Thus, as this court previously held, the Kepleys lacked standing to bring the initial cause of action.

An order consistent with this opinion will be entered this date.

January 6, 2012

**Charles R. Simpson III, Judge**
**United States District Court**