UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LES KEPLEY, ET AL.                                                      PLAINTIFFS

v.                                              CIVIL ACTION NO. 3:10-CV-00695-CRS

GERALD L. LANZ                                                           DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on remand from the United States Court of Appeals for the Sixth Circuit to determine whether claim preclusion bars Plaintiffs Bruce and Les Kepley's ("Plaintiffs") breach of contract action. For the reasons set forth below, the Court concludes that claim preclusion bars Plaintiffs' action and will therefore grant the motion to dismiss.

## BACKGROUND

The following facts are undisputed. Plaintiffs are former shareholders of A Technological Advantage, Inc. ("ATA"), a closely-held corporation incorporated in Kentucky. In 2004, while Plaintiffs were still shareholders, Defendant purchased one share of "Series A Convertible Preferred Stock" in ATA, and shortly thereafter executed an Investors Rights Agreement ("Agreement"). Among other things, the Agreement prohibited the sale of certain "Restricted Shares," such as his Series A Convertible Preferred Stock, to any "person or entity acting as or owning an interest in any company licensed or operating… as a postsecondary or proprietary education school…" (Agreement, DN 18-1, at 3).

Nevertheless, in 2010, Defendant notified Plaintiffs that he intended to sell his share to Crimson Aero Holdings Corporation, a company operating as a postsecondary education school. In response, Plaintiffs filed a declaratory judgment action against Defendant in Jefferson County

1

Circuit Court seeking a declaration that Defendant's proposed sale would violate the terms of the Agreement. Ultimately, however, Plaintiffs voluntarily dismissed the declaratory judgment action with prejudice, choosing instead to file the present action asserting a breach of contract claim based on Defendant's alleged anticipatory repudiation.

On December 17, 2010, Defendant filed a motion to dismiss based on lack of personal jurisdiction, *forum non conveniens*, and claim preclusion. (DN 10). On September 30, 2011, we granted the motion to dismiss on the ground that Plaintiffs' claim was derivative in nature such that they lacked standing under the "shareholder standing rule." (DN 24). On appeal, the Sixth Circuit reversed our decision and remanded for consideration of the limited issue of whether Plaintiffs' claim should be barred under the doctrine of claim preclusion. (DN 33). On July 1, 2013, we issued an order allowing the parties to supplement their briefs in light of the Sixth Circuit's recent decision in *Ventas, Inc. v. HCP, Inc.*, 647 F.3d 291 (6th Cir. 2011). Having reviewed the parties' supplemental briefs and being otherwise sufficiently advised, the Court will now consider whether claim preclusion bars Plaintiffs' breach of contract action.

## DISCUSSION

Defendant argues that Plaintiffs' anticipatory repudiation claim is barred under the doctrine of claim preclusion because Plaintiffs were required to raise it, if at all, in their voluntarily dismissed declaratory judgment action. In response, Plaintiffs have advanced three separate arguments. First, Plaintiffs argue that their anticipatory repudiation claim had not yet accrued at the time they filed the declaratory judgment action and that, because claim preclusion only bars causes of action which could have been brought in an earlier action, the declaratory judgment action should not be accorded preclusive effect with respect to their anticipatory repudiation claim. Second, Plaintiffs argue that, even if their anticipatory repudiation claim

2

accrued prior to the filing of their declaratory judgment action, the so-called "declaratory judgment exception" to the doctrine of claim preclusion negates any preclusive effect that might otherwise be accorded the declaratory judgment action. Finally, Plaintiffs argue that, even if the declaratory judgment exception does not apply, the previous declaratory judgment action must not be accorded preclusive effect because it was dismissed with prejudice before factual findings had been made. In evaluating the merit of these arguments, the Court will address them each in turn.

**i. Time of Accrual**

According to Plaintiffs, their anticipatory breach claim did not accrue until after they had filed the declaratory judgment action when they suffered actual damages from selling their stock in anticipation of Defendant's proposed sale. Because claim preclusion only bars claims which could have been brought in an earlier action, Plaintiffs argue that the declaratory judgment action should not be accorded preclusive effect with respect to their anticipatory repudiation claim. As explained by Plaintiffs:

> A claim does not accrue until the plaintiff suffers an actual harm. At the time of the filing of the [declaratory judgment] action, the [Plaintiffs] had not suffered any harm. The sole purpose of that action was to prevent the sale of the Share to Crimson, in an effort to avoid harm. Without having suffered any harm, the claims made in the present litigation not only should not have been brought in the prior litigation, they were precluded.

(Resp. to Mot. to Dismiss, DN 18, at 18).

Defendant responds by arguing that Plaintiffs' anticipatory repudiation claim accrued *at the time of the repudiation*, rather than at the time Plaintiffs sold their stock. Because he notified Plaintiffs of his intent to sell his stock on May 14, 2010, Defendant argues that Plaintiffs' anticipatory repudiation claim accrued well before the filing of Plaintiffs' declaratory judgment action on May 21, 2010.

3

Kentucky case law provides strong support for Defendant's position. In *Royster v. A. Waller & Co.*, 217 S.W. 684 (Ky. 1920), the plaintiff recovered damages based on the defendant's anticipatory breach of his promise to sell and deliver corn to the plaintiff. *Id.* at 685. On appeal, the Kentucky Supreme Court considered whether the plaintiff could recover despite his failure to plead that he was ready, able, and willing to perform his part of the contract. *Id.* Ultimately, the court concluded that, because the plaintiff's action was based on anticipatory repudiation, which itself "amount[s] to a breach of the contract which entitles the plaintiff to maintain an action for damages," *id.*, the plaintiff was not required to plead his readiness to perform. Instead, the court explained that:

> when [the defendant] announced his purpose not to comply with the contract and deliver the corn, plaintiff's cause of action immediately accrued, and such would have been the case had he made such an announcement any day subsequent to the making of the contract.

*Id.*

Based on *Royster*, it is clear that a cause of action for anticipatory repudiation in Kentucky accrues upon the defendant's repudiation of the contract, and thus in no way depends on whether the plaintiff has suffered actual damages. Accordingly, because Defendant notified Plaintiffs of his intent to sell his stock more than two weeks before Plaintiffs filed their declaratory judgment action, Plaintiffs cannot avoid preclusion on the ground that their anticipatory repudiation claim had not yet accrued at the time they filed the declaratory judgment action.

## ii. Declaratory Judgment Exception

Plaintiffs next argue that, even if their anticipatory repudiation claim accrued prior to the filing of their declaratory judgment action, it should nevertheless remain viable under the "declaratory judgment exception" to the doctrine of claim preclusion. In light of the peculiar

features of declaratory judgment actions, the majority of jurisdictions have accorded declaratory judgments less preclusive effect than ordinary claims for specific relief such as a claim for damages or an injunction. Among these jurisdictions, however, some have accorded declaratory judgments less preclusive effect than others. *See Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co.*, 547 F.3d 48, 56–57 (1st Cir. 2008). Because a federal court sitting in diversity applies the choice-of-law rules of the forum state to determine questions of *res judicata*, *see Taveras v. Taveraz*, 477 F.3d 767, 783 (6th Cir. 2007), we must first determine the preclusive effect accorded declaratory judgments under Kentucky law.

Because the Kentucky Supreme Court has not squarely addressed this issue, the Court is guided by relevant decisions of the Sixth Circuit. When a district court must apply state law which has been previously interpreted by the Sixth Circuit, "that interpretation is binding… unless an intervening decision of the state's highest court has resolved the issue." *Rutherford v. Columbia Gas*, 575 F.3d 616, 619 (6th Cir. 2009). Here, the Sixth Circuit has interpreted Kentucky claim preclusion law with respect to declaratory judgments on two different occasions: first in *Holbrook v. Shelter Ins. Co.*, 186 Fed. App'x 618 (6th Cir. 2006), and then later in *Ventas, Inc. v. HCP, Inc.*, 647 F.3d 291 (6th Cir. 2011). Because no intervening decision of the Kentucky Supreme Court has resolved the issue, the Court must look to these decisions for a proper interpretation of Kentucky law.

In *Holbrook*, the plaintiff sued her automobile insurance company after being denied coverage for an accident. 186 Fed. App'x at 620. In response, the insurance company moved to dismiss the action on the grounds that it was barred under the doctrine of claim preclusion. *Id.* Previously, the insurance company had brought a declaratory judgment action against the plaintiff seeking a declaration that she was not covered at the time of the accident. *Id.* In that

action, the Court decided against the insurance company and held that the plaintiff's coverage was valid and effective at the time of the accident. *Id.* According to the insurance company, the plaintiff's failure to raise her counterclaim during the initial declaratory judgment action precluded her from raising it in a subsequent action. *Id.* Ultimately, the district court agreed with the insurance company and granted its motion to dismiss. *Id.*

On appeal, the plaintiff "argue[d] that… declaratory judgment actions are excepted from the general res judicata rule and that their preclusive effects are limited to the single issue presented for determination." *Id.* at 621–22. To support her argument, the plaintiff cited the Kentucky Supreme Court's decision in *Cooke v. Gaidry*, 218 S.W.2d 960 (1949), wherein it was held that declaratory judgments do not fall within the general rule that "a former judgment is conclusive not only of all matters actually adjudicated thereby, but in addition, as to all matters which could have been presented for adjudication in the original action." *Id.* at 962. In rejecting the plaintiff's argument, the court noted that "*Cooke*… predates the compulsory counterclaim rule, and *its holding has since been construed to refer merely to subsequent actions for specific relief based on the judgment.*" *Id.* at 621 (citing *Harris v. Wallace*, 474 S.W.2d 878, 881 (Ky.1971) (emphasis added). Thus, the court concluded that "*Cooke* applies only to a particular type of subsequent action"—namely, an action for specific relief *based on* the declaratory judgment. *Id.*

The court next addressed whether the plaintiff's claim could be deemed to be "based on" the previous declaratory judgment action such that it survived preclusion. In concluding that it could not, the court stated that:

> To the extent that [the plaintiff] argues that the bad faith and statutory claims at issue here are merely actions for further relief "based on the [declaratory] judgment," her argument similarly fails. All of the bad faith and statutory claims require Holbrook to develop a legal case that incorporates the prior declaration of

6

> coverage *but also requires additional proof*. For example, to prevail on her bad faith claim, Holbrook must show not only that she was covered by Shelter but also that Shelter lacked a reasonable basis for denying coverage. *Subsequent actions for further relief based on the judgment, by contrast, require no additional liability determinations*. Instead, the statute permitting further relief based on the declaratory judgment, KY.REV.STAT. § 418.055, envisions claims for damages or equitable relief made *solely in reliance on the declaration*. The claims asserted in this case are not based on the prior declaration and thus cannot be construed as "further relief based on the judgment."

*Holbrook v. Shelter Ins. Co.*, 186 F. App'x 618, 622 (6th Cir. 2006) (emphasis added). Accordingly, the court held that that the declaratory judgment exception did not apply and that the plaintiff's claims were therefore precluded by the earlier declaratory judgment action.

Based on the foregoing discussion, it is clear that *Holbrook* adopted an extremely narrow interpretation of Kentucky's declaratory judgment exception whereby the preclusive effect of a declaratory judgment is commensurate with any other action with the sole exception being that actions for specific relief *based on* an earlier declaratory judgment will remain free from preclusion. Five years later, however, another panel of the Sixth Circuit adopted an entirely different interpretation of Kentucky's declaratory judgment exception in *Ventas, Inc. v. HCP, Inc.*, 647 F.3d 291 (6th Cir. 2011). In *Ventas*, the plaintiff and defendant were competing real estate investment trusts who participated in a closed auction to purchase another real estate investment trust. *Id.* at 297. As a requirement of their participation in the auction, both the plaintiff and defendant were asked to sign a "standstill" provision whereby neither party would be permitted to make or announce a bid outside the auction process for at least 18 months following the conclusion of the auction. *Id.* Nevertheless, after the defendant prevailed in the auction, the plaintiff issued a press release offering to purchase the trust for a significantly higher price than the defendant's bid. *Id.* at 299. Believing the press release to be in violation of the

standstill provision, the defendant brought a declaratory judgment action seeking to prohibit the plaintiff from proceeding any further with its unofficial bid. *Id.* at 301. In that action, the court concluded that the standstill provision was valid and must therefore be strictly enforced according to its terms. *Id.* Although the plaintiff was subsequently able to successfully negotiate the purchase of the trust, it was ultimately forced to pay substantially more than its original bid. *Id.*

Shortly thereafter, the plaintiff sued the defendant for tortious interference with contract and tortious interference with prospective business advantage. *Id.* In response, the defendant moved for summary judgment on the grounds that the plaintiff's failure to raise its claims in the previous declaratory judgment action precluded it from doing so in a subsequent action. *Id.* at 302. Ultimately, the district court denied the defendant's motion for summary judgment with respect to the plaintiff's claim for tortious interference with prospective business advantage based on its conclusion that the claim had not yet accrued at the time the declaratory judgment action was filed and therefore could not have been precluded. *Id.*

On appeal, the parties continued to dispute whether the plaintiff's cause of action had accrued prior to the filing of the declaratory judgment action. However, the Sixth Circuit focused instead on the declaratory judgment exception, noting that "[t]he parties and the district court… have overlooked the well-settled rule that an action for declaratory relief does not have preclusive effect in a subsequent litigation between the same parties." *Id.* at 304. As explained by the court, because Kentucky law is consistent with the RESTATEMENT (SECOND) OF JUDGMENTS § 33's provision that declaratory judgments should not be accorded preclusive effect, the previous declaratory judgment action could have no effect on the viability of the plaintiff's tort claims. *Id.*

at 304–05. Accordingly, the court affirmed the district court's decision denying the defendant's motion for summary judgment.

Clearly, *Holbrook* and *Ventas* are in conflict. Whereas *Holbrook* held that declaratory judgments preclude all subsequent actions except those based on the judgment, *Ventas* held that declaratory judgments should be accorded no preclusive effect whatsoever. As a district court seeking to apply Kentucky law, but nonetheless bound to follow interpretations thereof provided by the Sixth Circuit, we are thus faced with a troublesome dilemma requiring us to select one precedent over another. Ultimately, two considerations have persuaded us to follow *Holbrook*. First, because a subsequent panel may not overrule the decision of a previous panel, the latter of two conflicting precedents must yield to the former. *See Spencer v. Bouchard*, 449 F.3d 721, 726 (6th Cir. 2006) (citing *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985), and 6TH CIR. R. 206(c)). Second, based on our own review of Kentucky case law, we have concluded that *Holbrook* offers a more accurate interpretation of Kentucky law.[1]

---

[1] While *Holbrook* and *Ventas* cite the same Kentucky decisions to support their respective positions, only *Holbrook* conducted a thorough analysis of the rationale underlying these decisions. As detailed in *Holbrook*, the seminal case of *Cooke v. Gaidry*, 218 S.W.2d 960 (Ky. 1949), recognized a limited exception to the doctrine of claim preclusion whereby subsequent actions *based on* an earlier declaratory judgment will not precluded by the declaratory judgment itself. In so doing, the court implicitly held that subsequent actions *not based on the earlier declaratory judgment* would remain precluded under general principles of *res judicata*. This limited declaratory judgment exception was thereafter applied, but never extended, by subsequent decisions of the Kentucky Supreme Court, including *Oakley v. Bridges*, 429 S.W.2d 31 (Ky. 1968), and *Harris v. Wallace*, 474 S.W.2d 878 (Ky. 1971). Notably, nowhere in this line of authority did the Kentucky Supreme Court ever indicate that declaratory judgments are wholly immune from preclusion in the manner envisioned by *Ventas*.

In sharp contrast with *Holbrook*, *Ventas* did not independently examine *Cooke* or its progeny in attempting to discern the content of Kentucky law. Instead, the court relied exclusively on the First Circuit's decision in *Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co.*, 547 F.3d 48 (1st Cir. 2008), in arriving at its conclusion that "Kentucky has adopted essentially the same rule as Restatement § 33, even though Kentucky has done so without expressly referencing the Restatement." *Ventas, Inc. v. HCP, Inc.*, 647 F.3d 291, 304 (6th Cir. 2011). In *Andrew Robinson*, the First Circuit did not undertake a detailed analysis of Kentucky law, but instead only briefly mentioned Kentucky as one of several jurisdictions following Restatement § 33. *See Andrew Robinson*, 547 F.3d at 56. Having concluded that Kentucky follows the Restatement, the Sixth Circuit proceeded to apply the Restatement's version of the declaratory judgment exception, according to which declaratory judgments are accorded very limited preclusive effect. Compared with the detailed exposition set forth in *Holbrook*, this cursory analysis does not instill confidence that *Ventas* accurately reflects Kentucky law.

Also noteworthy is the fact that another federal district court in Kentucky has chosen to follow *Holbrook* rather than *Ventas*. In *KNC Investments, LLC v. Lane's End Stallions, Inc.*, No. 12-08-JBC, 2012 WL 1831276 (E.D.

Having concluded that *Holbrook* is the applicable precedent, we must now proceed to apply it to the case at bar. Here, Plaintiffs' voluntarily dismissed declaratory judgment action sought a declaration that Defendant's sale of his stock would be in violation of the Agreement, while their present action seeks damages based on a theory of anticipatory repudiation. Thus, under *Holbrook*, Plaintiffs' present action will be precluded unless it can be deemed to be based on the previous declaratory judgment action. Clearly, Plaintiffs cannot clear this hurdle. To begin with, because Plaintiffs' voluntarily dismissed the declaratory judgment action prior to obtaining a final judgment, there is no judgment on which any subsequent action could be based. Moreover, even were there a final judgment declaring that Defendant's sale of his stock would violate the Agreement, Plaintiffs' anticipatory repudiation claim would nevertheless be precluded because there would be additional liability determinations yet to be resolved. For

---

Ky. May 17, 2012), the defendant moved to dismiss the plaintiff's claims on the grounds that they were precluded by an earlier declaratory judgment action. *Id.* at *1. In response, the plaintiff relied on the declaratory judgment exception in support of its argument that its claims should not be precluded. *Id.* In denying the defendant's motion to dismiss, the court held that:

> [T]he well-settled rule that an action for declaratory relief does not have preclusive effect in a subsequent litigation between the same parties," does not apply in this circumstance; that rule, as applied and as presented in RESTATEMENT (SECOND) OF JUDGMENT § 33… prevents *res judicata* from applying where a plaintiff who wins declaratory judgment may go on to seek further relief.... The point of this rule is to allow a plaintiff who obtains a declaratory judgment on a claim to proceed with a claim for damages or other relief based on the same set of facts, either within the same action or in a new action. *It cannot reasonably be construed to create a loophole to the doctrine of res judicata by permitting a plaintiff to bring multiple lawsuits based on the same set of transactions or occurrences by couching them as separate actions for declaratory judgments.*

*Id.* at *2 (emphasis added) (internal quotation marks and citations omitted).
     Although the court cited both *Holbrook* and *Ventas* in holding the declaratory judgment exception inapplicable, it clearly chose to follow the reasoning set forth in *Holbrook* insofar as it recognized that the exception applies only to subsequent actions based on an earlier declaratory judgment. *See id.* (stating that "[t]he point of [the declaratory judgment exception] is to allow a plaintiff who obtains a declaratory judgment on a claim to proceed with a claim for damages or other relief based on the same set of facts, either within the same action or in a new action."). Thus, despite the fact that *Ventas* had been decided only a year earlier, *KNC Investments* chose to follow *Holbrook*'s interpretation of Kentucky's declaratory judgment exception. Although never explicitly stated, the court's decision was presumably motivated by its considered judgment that *Holbrook* represented a more accurate interpretation of Kentucky law.
     Having reviewed the relevant case law, the Court has likewise concluded that *Holbrook* represents a more sound interpretation of Kentucky law. Thus, even if we were not bound to follow *Holbrook*, the Court would nevertheless choose to apply it.

instance, in order to prevail on their anticipatory repudiation claim, Plaintiffs would need to prove not only that Defendant's proposed sale would have violated the Agreement, but also that Defendant unequivocally communicated to Plaintiffs his intent to sell his stock and that such communication caused Plaintiffs to suffer damages. *See Jordon v. Nickell*, 253 S.W.2d 237, 239 (Ky. 1952) (holding that "an unequivocal repudiation or renunciation of an executory contract in advance of the time of performance may, at the election of the injured party, be regarded as an anticipatory breach and support an immediate action for damages without waiting for the time of performance."). Because *Holbrook* clearly held that "[s]ubsequent actions for further relief based on the judgment… require no additional liability determinations," *Holbrook v. Shelter Ins. Co.*, 186 Fed. App'x 618, 622 (6th Cir. 2006), Plaintiffs' anticipatory repudiation claim could not possibly qualify as a subsequent action based on the declaratory judgment. For these reasons, the declaratory judgment exception is inapplicable and therefore cannot be relied on by Plaintiffs in order to avoid preclusion.

### iii. Lack of Factual Findings

Plaintiffs' final argument is that, even if the declaratory judgment exception is inapplicable, their voluntarily dismissed declaratory judgment action should not be accorded preclusive effect because a declaratory judgment action only has preclusive effect "if the dismissal is accompanied by factual findings." (Supplemental Brief in Opp'n to Defendant's Motion to Dismiss, DN 41, at 6). In support of this argument, Plaintiffs cite several cases stating that *collateral estoppel* does not apply if the prior judgment is devoid of factual findings. *See id.* However, because collateral estoppel deals only with *issue preclusion*, and thus in no way relates to whether Plaintiffs' anticipatory repudiation claim is barred under the doctrine of *claim preclusion*, Plaintiffs' collateral estoppel argument is wholly irrelevant and therefore unavailing.

11

**CONCLUSION**

Having failed to justify the applicability of an exception to the doctrine of claim preclusion, the Court concludes that Plaintiffs' claim is barred under general principles of *res judicata*. Accordingly, the Court will grant Defendant's Motion to Dismiss.

A separate order will be entered in accordance with this opinion.

Charles R. Simpson III, Senior Judge
United States District Court

January 16, 2014