UNITED STATES DISTRICT COURT
Western District of Kentucky
Louisville Division
Case No. 3:13-CV-00695-CRS

| | | |
|---|---|---|
| Les Kepley, et al. | ) | |
|     *Plaintiffs* | ) | *"Filed Electronically"* |
| | ) | |
| v. | ) | |
| | ) | |
| Gerald L. Lanz | ) | |
|     *Defendant* | ) | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER

Now comes Plaintiffs, Les Kepley and Bruce Kepley, by counsel, and for their memorandum in support of their motion to reconsider this Court's judgment entered January 17, 2014 dismissing their case state:

### INTRODUCTION

A motion for reconsideration is considered a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure. Smith v. Hudson, 600 F.2d 60, 62-63 (6th Cir. 1979). The rule permits a court to reconsider and alter its judgment to correct a clear legal error or manifest injustice. In re Benjamin Moore & Company, 318 F.3d 626, 629 (5th Cir. 2002); Divane v. Krull elec. Co., 194 F.3d 845, 850 (7th Cir. 1999). A motion to reconsider may not be used to "renew arguments already considered and rejected" or to "proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered" previously. See McConocha v. Blue Cross and Blue Shield Mut. of Ohio, 930 F.Supp. 1182, 1184 (N.D. Ohio 1996).

### ARGUMENT

**I. The Court's Reliance on *Holbrook* Was Incorrect Because It Is An Unpublished Sixth Circuit Opinion. Therefore *Ventas,* Is The Properly Controlling Case.**

In this Court's January 17, 2014 Order that granted the Defendant's Motion to Dismiss, the Court weighed two Sixth Circuit cases that address the issue of applying Kentucky claim preclusion law to declaratory judgments: *Holbrook v. Shelter Ins. Co.*, 186 Fed. App'x 618 (6th Cir. 2006) and then in *Ventas, Inc. v. HCP, Inc.*, 647 F.3d 291 (6th Cir. 2011). In so doing the Court determined the two cases to be in conflict as to the claim preclusion effect of declaratory

1

judgment actions on subsequent law suits. After a review and comparison of the holdings in these two cases, this Court elected to rely on the reasoning set forth in *Holbrook* for two reasons:

**First** the Court held that the *Holbrook* case must be followed "because a subsequent panel may not overrule the decision of a previous panel, the latter of two conflicting precedents must yield to the former." *Citing Spencer v. Bouchard*, 449 F.3d 721, 726 (6th Cir. 2006). **Second** the Court held that because "*Holbrook* offers a more accurate interpretation of Kentucky law" it would choose to follow *Holbrook* instead of *Ventas*. As shown below, this reasoning is not tenable.

### I. The Published "*Ventas*" Decision Is The Law of The Sixth Circuit.

This Court's reliance on *Holbrook* seems to be based on the mistaken belief that both *Holbrook* and *Ventas* represent binding precedent in the Sixth Circuit; this is not accurate. *Holbrook* is an unpublished opinion rendered prior to 2007 that can only be found in the federal appendix, whereas *Ventas* is a published opinion rendered in 2011.[1] Therefore this Court's recitation of the rule that "a prior panel may not overrule the decision of a previous panel" is inapplicable.

### II. Whether Or Not A District Court Agrees With Controlling Precedent It Is Bound To Follow The Precedent.

In the Sixth Circuit, Holbrook "is not binding precedent because the opinion is unpublished." *Salamalekis v. Comm'r of Soc. Sec.*, 221 F.3d 828, 833 (6th Cir. 2000) (citing *In re Van Dresser Corp.,* 128 F.3d 945, 948 (6th Cir.1997)). Accordingly, this Court is bound to apply *Ventas*, rather than *Holbrook*, because "when a panel of this Court has rendered a decision interpreting state law, that interpretation is binding on district courts in this circuit, and on subsequent panels of this Court, unless an intervening decision of the state's highest court has resolved the issue." *Rutherford v. Columbia Gas*, 575 F.3d 616, 619 (6th Cir. 2009)(*see also* 6th Cir. R. 32.1).[2]

### **CONCLUSION**

---

[1] The Court referenced another unpublished case from the U.S. District Court Eastern District Kentucky in support of its desire to follow *Holbrook,* citing *KNC Investments, LLC v. Lanes End Stallions, Inc.*, No. 12-08-JBC, 2012 WL 1831276 (E.D. Ky. May 17, 2012). But that case does not support the Court's reasoning since in that case there was an adjudication on the merits by operation of the court's dismissal, whereas in this case there was a voluntary dismissal without court findings.

[2] To quote 6th Cir. Chief Judge Batchelder in her dissent in *United States of America v. Sebastian Luciado*, "I believe that our decision in *Carey* is wrong. Nonetheless, I believe that the governing law of this Circuit, namely Sixth Circuit Rule 206(c), requires us to adhere to the published opinion in *Carey* and hold that — until such time as we can consider this issue *en banc* or the Supreme Court speaks again to this issue . . . ". 670 F.2d 871, 878-879, (6th Cir. 2010).

For the forgoing reasons, this Honorable Court should reconsider and reverse its Memorandum of Opinion dated January 17, 2014.

Respectfully Submitted,
/s/ James R. McKenzie
*James R. McKenzie Attorney, PLLC*
4055 Shelbyville Road, Suite B
Louisville, KY 40207
Tel:   (502) 371-2179
Fax:   (502) 257-7309
jmckenzie@jmckenzielaw.com

CERTIFICATE OF SERVICE

This is to certify that on January 27, 2014 the foregoing document filed of record was served upon Defendant using the Court's CM/ECF system, which will send electronic notification of the filing to those parties who have appeared and are registered as CM/ECF participants.

s/James R. McKenzie