UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LES KEPLEY, ET AL.                                                              PLAINTIFFS

v.                                           CIVIL ACTION NO. 3:10-CV-00695-CRS

GERALD L. LANZ                                                                    DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on a motion for reconsideration (DN 45) filed by Plaintiffs Bruce and Les Kepley ("Plaintiffs") against Defendant Gerald L. Lanz ("Defendant"). For the reasons set forth below, the Court will grant the motion for reconsideration.

## DISCUSSION

On January 17, 2014, we granted Defendant's Motion to Dismiss (DN 10) Plaintiffs' Complaint on the grounds that their anticipatory claim was barred by the doctrine of claim preclusion. In our Memorandum Opinion, we explained our belief that the declaratory judgment exception to the doctrine of claim preclusion was inapplicable in accordance with the Sixth Circuit's decision in *Holbrook v. Shelter Ins. Co.*, 186 Fed. App'x 618 (6th Cir. 2006).

On January 27, 2014, Plaintiffs filed a motion for reconsideration (DN 45) requesting that we revisit our decision granting Defendant's Motion to Dismiss. In support of their motion, Plaintiffs argued that we should not have relied on *Holbrook* to the extent it was an unpublished decision which had been superseded by the Sixth Circuit's published decision in *Ventas, Inc. v. HCP, Inc.*, 647 F.3d 291 (6th Cir. 2011).

As we explained in our Memorandum Opinion, *Holbrook* and *Ventas* are directly in conflict with respect to the applicability of the declaratory judgment exception in the

1

circumstances presented by the case at bar. While the Court remains convinced that *Holbrook* more accurately reflects Kentucky law concerning the declaratory judgment exception, upon reconsideration the Court agrees with Plaintiffs that we are bound to follow *Ventas* as the law of the Sixth Circuit in accordance with FED. R. APP. P. 32.1(b).

Although Defendant argues that *Ventas* is distinguishable from the case at bar, the Court disagrees. In *Ventas*, the Sixth Circuit held that a prior declaratory judgment action did not preclude a subsequent action *even though the subsequent action was not based on the prior declaratory judgment*. Essentially, the court adopted an extremely broad interpretation of Kentucky's declaratory judgment exception whereby declaratory judgment actions are accorded *no preclusive effect whatsoever*. Thus, *Ventas* dictates that, because the prior action in this case was declaratory in nature, it could not have precluded Plaintiffs' anticipatory repudiation claim. For these reasons, the Court will grant the motion for reconsideration, and will accordingly deny Defendant's Motion to Dismiss.

A separate order will be entered in accordance with this opinion.

                                              **Charles R. Simpson III, Senior Judge**
                                                **United States District Court**

May 30, 2014