UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | | |
|---|---|---|
| LES KEPLEY and BRUCE KEPLEY | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 3: 10-CV-00695-CRS |
| | ) | |
| v. | ) | |
| | ) | |
| GERALD R. LANZ | ) | |
| | ) | |
| Defendant. | ) | |

**OBJECTION TO MOTION TO DISMISS;
MOTION FOR DEFAULT JUDGMENT;
MOTION TO STRIKE MEMORANDUM;
REQUST FOR A HEARING**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Come Plaintiffs, by counsel, and hereby object to Defendant's motion to dismiss pursuant to FRCP 12(g)(2) and additional reasons stated herein. Plaintiffs also move the Court for default judgment as Defendant has failed to timely answer. Plaintiffs further object to, and move to strike pursuant to FRCP 12(f)(2), Defendant's memorandum filed in support of the improper motion. In support of their motion Plaintiffs state:

### INTRODUCTION

**I.      "Litigation Is The Pursuit of Practical Ends, Not a Game of Chess".[1]**

Enough is enough. Plaintiffs initiated this action in Jefferson Circuit Court on September 30, 2010. As of this date, <u>no answer has yet been filed</u>. Following removal to this Court,

---

[1] Quote taken from *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 70 (1941).

Defendant has engaged in a series of procedural/tactical maneuvers and used professional courtesy as well as the possibility of settlement as a ploy to delay this case. And since May 1, of this year, and without disclosure to Plaintiffs, Defendant was litigating a related lawsuit in federal court for the Northern District of Illinois. Enough is enough. Defendant has overplayed his hand and should be held accountable.[2]

**II.     The Motion To Dismiss Violates FRCP 12(g)(2).** Rule 12(g)(2) states "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Defendant previously filed his motion to dismiss (DN10) which was denied by this Court May 30, 2014 (DN50). Implicit in the Court's denial were the previously raised and argued personal jurisdiction and *forum non conveniens* arguments. These issues were raised and briefed all the way back in December of 2010. They were pending when this Court allowed supplemental briefing by order July 1, 2013. Therefore this Court's ultimate denial of Defendant's motion to dismiss by its order May 30, 2014 makes the additional motion now submitted by Defendant unavailable by Rule and, specifically prohibited.

---

[2] While requesting extensions under the pretense of "settlement negotiations", unbeknownst to Plaintiff Defendant was actually litigating a related Federal District Court lawsuit in Illinois that could potentially determine indemnification liability to Plaintiffs in this case. *See*:
*Lanz v. A Technological Advantage, Inc. et al*

| | |
|---|---|
| **Court** | Illinois Northern District Court |
| **Nature of Suit** | Contract - Other Contract |
| **Cause** | 28:1346 Breach of Contract |
| **Case #** | 1:14-cv-03215 |
| **Filed** | May 01, 2014 |

That case was settled September 29, 2014 by mediation before Magistrate Maria Valdez. Notably, counsel Greenwald, who was counsel for the defendant in that case, was then immediately added as counsel for Lanz in this case. A copy of the complaint in the Illinois case is filed herewith as "Exhibit A".

**II.     The Memorandum Filed By Defendant Is Unauthorized.**     This Court permitted supplemental briefing of the original motion to dismiss by its Order entered June 13, 2013.  The parties filed their supplemental briefs <u>and thereafter briefing was closed</u>. Therefore Defendant's memorandum is unauthorized and should be stricken pursuant to FRCP 12(f)(2). This Court has the authority to strike unauthorized pleadings and should do so here.  *Dawson v. City of Kent*, 682 F. Supp. 920 (N.D. Ohio 1988), *aff'd* 865 F.2d 257 (6th Cir. 1988); *see also Zerman v. City of Strongsville,* No. 1:04cv2493, 2006 U.S. Dist. LEXIS 70503, at 21-26 (N.D. Ohio Sept. 28, 2006), *aff'd,* 259 Fed. Appx. 723 (6th Cir. 2008).

**III.    Defendant Impermissibly Raises New Defenses Previously Available But Not Raised.**     In its current motion to dismiss Defendant, for the first time, raises a substantive, non-jurisdictional defense claiming the breach alleged by Plaintiff fails because it is not related to an "executory" contract provision.  Besides being flat wrong, this argument was available at the time Defendant filed his original motion to dismiss.  Since it was not previously raised it now cannot be under FRCP 12(g)(2).  Therefore the Court should deny Defendant's motion, or at a minimum, grant Plaintiffs' motion to strike this newly made defense.

**IV.     Defendant Has Failed To Timely Answer And Has Defaulted.**   Since June 13, 2014 Defendant has asked for extensions to answer under the guise of a settlement overture from Defendant that never came.  With each request Plaintiffs in good faith agreed to the requested extension.

Then in early October, opposing counsel advised no settlement offer would be forthcoming and requested <u>an extension of time to answer</u>.  Instead of answering, without notice to Plaintiffs' counsel or comment, local attorney Bart Greenwald was added to Defendant's legal

3

counsel in this case.[3] Attorney Greenwald first requested, then insisted, <u>on an extension of time to answer</u> claiming "getting up to speed in this case" made answering within the previous extension impracticable for him.[4] Out of professional courtesy Plaintiffs did grant the Defendant yet another two (2) weeks to answer the original complaint, which remains unanswered to this day even though it was filed in 2010. However, instead of answering within the prescribed time frame, counsel Greenwald used the time to file this improper, unauthorized motion to dismiss in direct contravention of the requirements of FRCPA 12(g)(2). Since an improper motion does not toll the time for Defendant to answer, Defendant is now in default. Plaintiffs' motion for default judgment should be granted.

WHEREFORE, Plaintiffs request the Court DENY Defendant's motion to dismiss for the reasons stated *supra*; Plaintiffs further request the Court STRIKE Defendant's memorandum; and Plaintiffs request the Court GRANT them default judgment for Defendant's failing to answer. Finally, Plaintiffs request the Court set a hearing on all pending motions.

/s/ James R. McKenzie
James R. McKenzie
James R. McKenzie Attorney, PLLC
115 S. Sherrin Ave. Suite 4
Louisville, Kentucky 40207
Phone (502) 371- 2179
Attorney For Plaintiffs

---

[3] Of note, in the Illinois federal court suit Bart Greenwald is counsel of record for the Defendant company "A Technological Advantage, Inc." sued by Lanz . Now Greenwald has become counsel for Lanz in this case, obviously as part of an indemnification requirement under that settlement. A copy of the complete civil docket in the *Lanz v. A Technological Advantage, Inc. et al.* Illinois case is filed herewith as "Exhibit B".

[4] In fact attorney Greenwald has been the attorney for the company "A Technological Advantage, Inc." since at least 2010 and, as referenced *supra*, represented the company in the Illinois federal lawsuit just settled.

## CERTIFICATE OF SERVICE

      It is hereby certified that a true and accurate copy of the within Motion to Withdraw Counsel was served electronically on all Parties of record in accordance with the method established under the CM/ECF system this 12th day of November, 2014.

                                                    /s/ James R. McKenzie