UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LES KEPLEY AND BRUCE KEPLEY                                             PLAINTIFFS

v.                                                      CIVIL ACTION NO. 3:10CV-695-CRS

GERALD R. LANZ                                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the plaintiffs, Les and Bruce Kepley, to strike certain affirmative defenses from defendant Gerald R. Lanz' answer to the complaint. (DN 78). The Kepleys seek to strike the defenses of (1) failure to state a claim upon which relief can be granted (1st Affirmative Defense), (2) failure to join one or more necessary parties (5th Affirmative Defense), (3) issue preclusion, res judicata and/or collateral estoppel (11th Affirmative Defense), and (4) lack of personal jurisdiction and forum non conveniens (12th Affirmative Defense).

The Kepleys urge that the "law of the case" doctrine requires this court to strike the 1st, 5th, 11th and 12th defenses. With respect to the 1st, 11th and 12th defenses, they contend that this court's prior rulings establish the law of the case and that these defenses must be stricken. With respect to the 5th defense, they urge that the defense has been waived, as it was not asserted in Lanz' prior motions to dismiss.

First, we note that "the law of the case doctrine is discretionary when applied to a coordinate court or the same court's own decisions." *Bowling v. Pfizer*, 132 F.3d 1147, 1150 (6th Cir. 1998), *citing United States v. Todd,* 920 F.2d 399, 403 (6th Cir. 1990). In any event, the

"law of the case" concept is not pertinent to the waiver or preservation of defenses under Rule 12(h). The defenses have not been waived and were preserved by Lanz' assertion of them in his answer. Fed.R.Civ.P. 12(b)("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required."); 5B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u>, § 1348 (3d ed. 2004)("The ability to assert defenses [in a responsive pleading] is unqualified…[T]he denial of a motion in no way affects the moving party's right to interpose a responsive pleading.").

Further, with respect to the defense of failure to join necessary parties (5th defense), the Kepleys argue that it must be stricken pursuant to FRCP 12(h)(1)(A), the subsection addressing certain waivable defenses. The rule concerns the defenses listed in Rule 12(b)(2)-(5). The defense of failure to join a party under Rule 19 is not covered by Rule 12(h)(1), as that defense is found in the rule at 12(b)(7).

The grounds raised for striking the affirmative defenses are infirm. Therefore, motion having been made and for the reasons set forth hereinabove and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the plaintiffs, Les Kepley and Bruce Kepley, to strike certain affirmative defenses (DN 78) is **DENIED.**

September 3, 2015

Charles R. Simpson III, Senior Judge
United States District Court

**IT IS SO ORDERED.**